# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE: BRAYDEN L. M.

**Direct Appeal from the Juvenile Court for Crockett County**
**No. 6674      Jason L. Hudson, Judge**

_____

**No. W2010-01416-COA-R3-JV - Filed September 19, 2011**

_____

Appellant filed a notice of appeal for a non-final judgment entered by the trial court. We therefore dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., and HOLLY M. KIRBY, J.

Harold E. Dorsey, Jr., Alamo, Tennessee, for the appellant, Ronnie Glen Hopkins, II.

David Wayne Camp, Jackson, Tennessee, for the appellee, Catherine Nicole Camp.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record for this appeal to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that Appellant Ronnie Glen Hopkins, II, had appealed an order that is not a final judgment. Thus, by Order entered on July 13, 2011, the Court noted that we could find nothing in the record

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

reflecting that the trial court adjudicated:

1) the claim for attorney fees as set forth in the "Motion to Correct Errors Contained in Order" filed by Appellant Ronnie Glenn in the trial court on February 17, 2010;

2) the claim for attorney fees as set forth in the "Petitioner's Motion to Alter or Amend Order of November 13, 2009" filed by Appellee Catherine Nicole Camp in the trial court on March 15, 2010;

3) the claim for attorney fees as set forth in the "Petition to Alter and/or Amend Amended Order Granting Both Current and Retroactive Child Support and Establishing a Permanent Parenting Plan" filed by Appellant Ronnie Glenn in the trial court on June 3, 2010; and,

4) the claim for attorney fees as set forth in the "Answer to Petition to Alter and/or Amend Amended Order Granting Both Current and Retroactive Child Support and Establishing a Permanent Parenting Plan" filed by Appellee Catherine Nicole Camp in the trial court on September 14, 2010.

Our Order of July 13, 2011, directed Appellant Ronnie Glen Hopkins, II to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order and further directed the trial court clerk to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Our Order of July 13, 2011, also provided that, in the event Appellant did not obtain entry of a final judgment within the time provided therein, Appellant should show cause within fifteen (15) days from the entry of that Order why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, our Order of July 13, 2011, provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On July 13, 2011, the Clerk of this Court transmitted a copy of our Order to Appellant's counsel by certified mail, return receipt requested. The Clerk later received the return receipt which indicated that office personnel for Appellant's counsel signed for the mail parcel on July 14, 2011. As of this date, however, the Clerk of this Court has not received a supplemental record nor has Appellant submitted anything to the Court stating why this appeal should not be dismissed.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Because the trial court did not adjudicate the parties' various claims for attorneys fees, the order appealed is not a final judgment and therefore, this Court lacks jurisdiction of this matter.

## Conclusion

In light of the foregoing, this appeal is dismissed for lack of jurisdiction. Costs of this matter are assessed to the appellant, Ronnie Glen Hopkins, II, and his surety for which execution may issue, if necessary. **It is SO ORDERED.**

**PER CURIAM**